UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 21-CR-48 (JPO) |
| ISMAEL BIMBOW, | OPINION AND ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

Ismael Bimbow is charged with conspiring to distribute and possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl and mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C), and 846, and with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  (Dkt. No. 1.)

Bimbow now moves for a bill of particulars (Dkt. Nos. 41, 44), which the government opposes (Dkt. No. 42).

**I.      Discussion**

Bimbow argues that the government should be directed to file a bill of particulars clarifying the indictment in several respects, including (1) disclosing the identities of the alleged co-conspirators and detailing the dates, times, and places the alleged conspiracy was formed; (2) providing any overt acts committed in furtherance of the alleged conspiracy; (3) detailing the roles each of the co-conspirators are alleged to have played; and (4) providing information on any communications the government has knowledge of or is in possession of.  (Dkt. No. 41 at 4.) Bimbow contends that Count 1 of the indictment is so vague that non-disclosure of the above would subject him to unfair surprise.  (Dkt. No. 41 at 5.)

1

Federal Rule of Criminal Procedure 7(c) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  The purpose of a bill of particulars is to apprise a defendant of the charges against him with sufficient detail to allow him to prepare a defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense.  *See Wong Tai v. United States*, 273 U.S. 77, 80–82 (1927).  In general, recitation of the statutory language, along with the approximate date and time of the offense, is sufficient to satisfy the rule.  *See United Sates v. Pirro*, 212 F.3d 86, 92–93 (2d Cir. 2000).  With respect to conspiracies specifically, "[t]he Government need not . . . set out with precision each and every act committed by the conspirators in furtherance of the conspiracy."  *United States v. Cohen*, 518 F.2d 727, 733 (2d Cir. 1975); *see also United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) (defendant charged with conspiracy is "not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . enterprise and conspiracy").

Here, the indictment alleges that from "at least in or about November 2020 through in or about December 2020" in the Southern District of New York, Bimbow and others conspired to distribute and possess with intent to distribute over 400 grams of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A), and an unspecified quantity of heroin, in violation of 21 U.S.C. § 841(b)(1)(C).  (Dkt. No. 7 at 1–2.)  Furthermore, the complaint details the information provided to law enforcement by a cooperating witness, steps taken by law enforcement to investigate the alleged conspiracy, and the evidence law enforcement recovered at and after Bimbow's arrest. (*See* Dkt. No. 1.)  And the government represents that it is has disclosed "voluminous discovery" to Bimbow providing him "with an abundance of information about the charges against him," including search warrant affidavits, cellphone contents, GPS data, photographic evidence of the

recovered narcotics and firearms, and descriptions of the investigation.  (Dkt. No. 42 at 8–9.)
Under Second Circuit case law, the information provided to Bimbow is sufficient to provide him
with the "specific acts of which he is accused."  *United States v. Torres*, 901 F.2d 205, 234 (2d
Cir. 1990); *see also United States v. Santiago*, 174 F. Supp. 2d 16, 35 (S.D.N.Y. 2001) ("In the
context of prosecutions of narcotics conspiracies, courts have consistently refused to grant
a bill of particulars requesting the following kinds of information: (1) when the conspiracy was
formed; (2) when the defendant joined the conspiracy; and (3) how the Government alleges the
defendant performed acts in furtherance of the conspiracy.").

## II.    Conclusion

    For the foregoing reasons, Bimbow's motion for a bill of particulars is denied.   The
Court will reserve decision on Bimbow's renewed motion to suppress evidence until further
briefing is submitted.

    SO ORDERED.

Dated: February 14, 2022
       New York, New York

_____
              J. PAUL OETKEN
          United States District Judge