UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNTIED STATES OF AMERICA

-v-

ISMAEL BIMBOW,

Defendant.

21-CR-48 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Attached is a draft of the jury charge in this case, which was provided by email to counsel on April 7, 2022, at 6:26 p.m. The parties shall be prepared to address any objections or proposed changes to this draft at a charge conference to be held on Friday, April 8, 2022, or Monday, April 11, 2022.

SO ORDERED.

Dated: April 7, 2022
New York, New York

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ISMAEL BIMBOW,

Defendant.

21-CR-48 (JPO)

**JURY CHARGE**

**Table of Contents**

INTRODUCTORY INSTRUCTIONS .......... 4
A. Introductory Remarks and Role of the Court .......... 4
B. Role of the Jury .......... 5
C. Role of Counsel .......... 5
D. All Persons Are Equal before the Law .......... 6
E. Presumption of Innocence .......... 7
F. Proof Beyond a Reasonable Doubt .......... 7
G. Do Not Be Swayed by Sympathy or Prejudice .......... 8
H. What Is and Is Not Evidence .......... 9
1. Stricken or Excluded Testimony Is Not Evidence .......... 10
2. Exhibits Not Received into Evidence Are Not Evidence .......... 10
3. Redactions Are Not Evidence .......... 10
4. Arguments by Lawyers Are Not Evidence .......... 10
5. Statements of the Court Are Not Evidence .......... 11
I. Direct and Circumstantial Evidence .......... 11
J. Stipulations .......... 12
K. Audio Recordings and Transcripts .......... 13
L. Summary Charts – Admitted as Evidence .......... 13
M. Use of Evidence Obtained Pursuant to Searches and Seizures .......... 13
N. Rulings on Evidence and Objections .......... 13
O. Witness Credibility .......... 14
P. Defendant's Testimony .......... 16
Q. Law Enforcement Witnesses .......... 16
R. Cooperating Witness Testimony .......... 17
S. Bias of Witnesses .......... 18
T. Persons Not on Trial .......... 19
U. Preparation of Witnesses .......... 19
V. Uncalled Witnesses – Equally Available .......... 20
W. Particular Investigative Techniques Not Required .......... 20
SUBSTANTIVE INSTRUCTIONS .......... 21
A. Meaning of the Indictment .......... 21
B. Count One: Narcotics Conspiracy .......... 22
1. Count One: Existence of the Conspiracy – Agreement (Element One) .......... 24
2. Count One: Membership in the Conspiracy (Element Two) .......... 27
3. Count One: Duration of and Extent of Participation in Conspiracy .......... 29
4. Count One: Liability for Acts and Declarations of Co-Conspirators .......... 30
5. Count One: Special Interrogatory on Drug Type (Count One) .......... 31
C. Count Two: Use of Firearm .......... 32

1. Count Two: Narcotics Conspiracy (Element One) ..... 33
2. Count Two: Use or Carry of a Firearm In Relation Or Possession In Furtherance of Count One (Second Element) ..... 33
3. Count Two: Knowledge (Element Three) ..... 38
D. Venue ..... 38
CONCLUSION ..... 39

## INTRODUCTORY INSTRUCTIONS

### A. Introductory Remarks and Role of the Court

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law. There are three parts to these instructions. First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case. These instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you

miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

**B. Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass on the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence. It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

**C. Role of Counsel**

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible. It has been my job to rule on those objections. Therefore, why an objection was made or how I ruled on it is not your business. You should draw no inference from the bare fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing. These conferences involved procedural and other matters, and none of the events relating to these

conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

**D. All Persons Are Equal before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the Defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged or the laws which apply to this case to interfere with your decision-making process.

The Defendant is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in this

case.

**E. Presumption of Innocence**

Now I will instruct you on the presumption of innocence. The law presumes the Defendant to be innocent of all charges against them. In this case, the Defendant before you has pleaded not guilty. In so doing, he has denied the charges in the Indictment. Thus, the Government has the burden of proving the Defendant's guilt beyond a reasonable doubt.

This burden never shifts to the Defendant. In other words, the Defendant does not have to prove his innocence. He is presumed to be innocent of the charges contained in the Indictment. The Defendant thus began the trial here with a clean slate. The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with his even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

The Government must satisfy this burden of proof as to each and every element of the crimes charged. The law does not impose upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence. The fact that one party called more witnesses and introduced more evidence does not mean that you should find in favor of that party.

The presumption of innocence is removed if and only if, as members of the jury, you are unanimously convinced that the Government has sustained its burden of proving the Defendant guilty beyond a reasonable doubt.

**F. Proof Beyond a Reasonable Doubt**

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the

evidence in the case—or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the criminal law, guilt must be established beyond a *reasonable* doubt, not all *possible* doubt.

Further, the Government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what he has told you.

That all said, if, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the Defendant's guilt beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life—then it is your sworn duty to convict the Defendant.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack of evidence), you are not satisfied of the guilt of the Defendant with respect to the charges in the Indictment; if you do not have an abiding conviction of the Defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty.

**G. Do Not Be Swayed by Sympathy or Prejudice**

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you. As you sift through the evidence, you must ask yourselves whether the prosecution has proven the Defendant's guilt. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the Defendant's guilt, then you must render a verdict of not guilty. But if you should find that the prosecution has met its burden of proving the Defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment of the Defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence in the event of a conviction rests exclusively upon the Court. Your function is to weigh the evidence or the lack of evidence in the case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow any consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**H. What Is and Is Not Evidence**

Now, I have repeatedly referred to the evidence in this case. This raises an important question: what is evidence? I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties. In determining

the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence? I instruct you that the following does not count as evidence:

**1. Stricken or Excluded Testimony Is Not Evidence**

*First*, testimony that I have stricken or excluded is not evidence. You may not use it in rendering your verdict. If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

**2. Exhibits Not Received into Evidence Are Not Evidence**

*Second*, any exhibit that was not received into evidence is not evidence. Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

**3. Redactions Are Not Evidence**

*Third*, among the exhibits received in evidence there may have been some documents and recordings that are redacted. Redacted means that part of the document or recording was taken out. You are to concern yourself only with the item admitted into evidence. You should not consider any possible reason why the other part has been redacted.

**4. Arguments by Lawyers Are Not Evidence**

*Fourth*, arguments by the lawyers are not evidence. The reason is simple: advocates are not witnesses. The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses, the documents and other exhibits that were entered into evidence, and the stipulations of the parties. What the lawyers have said to you is intended to help you understand the evidence—or the lack of

evidence—as you deliberate to reach your verdict. However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs. For the same reasons, you are not to consider a lawyer's or a party's questions as evidence. Only the witnesses' answers are to be considered evidence, not the questions.

### 5. Statements of the Court Are Not Evidence

*Finally*, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

## I. Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and that you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat

that was dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the Government has proven the Defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence. The Government asks you to draw one set of inferences. The Defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

**J. Stipulations**

You have heard evidence in the form of stipulations. A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony. You

must accept as true the fact that the witness would have given the testimony. However, it is for you to decide what effect that testimony should be given.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true. However, it is for you to decide what weight, if any, to give to those facts.

**K. Audio Recordings and Transcripts**

Audio recordings have been admitted into evidence. Transcripts of the recordings or portions of the recordings were provided to use as aids. These transcripts are not evidence.

**L. Summary Charts – Admitted as Evidence**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. You should consider them as you would any other evidence.

**M. Use of Evidence Obtained Pursuant to Searches and Seizures**

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, including of certain electronic devices. Evidence obtained from these searches and seizures was properly admitted in this case and may be properly considered by you. Such searches and seizures were lawful actions by law enforcement. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful.

**N. Rulings on Evidence and Objections**

As I have already explained, you should draw no inference or conclusion for or against

any party by reason of lawyers making objections or my rulings on such objections.

By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

**O. Witness Credibility**

You have had the opportunity to observe the witnesses. It will now be your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about. It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified

about. The witness may be honest, but mistaken. How did the witness's testimony impress you? Did the witness appear to be testifying honestly and/or candidly? Were the witness's answers direct or were they evasive? Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case? Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

You may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief, but it can. These are simply factors that you may consider.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

In summary, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all the other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone—not the lawyers, not the witnesses, and not me as the judge—to decide the credibility of witnesses who testified and the weight that their testimony deserves. The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you?

**P. Defendant's Testimony**

The Defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the Defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the Defendant did not testify. No adverse inference against the Defendant may be drawn because they did not take the witness stand. You may not consider this against the Defendant in any way in your deliberations in the jury room.

**Q. Law Enforcement Witnesses**

You have heard the testimony of law enforcement officers and other government employees. The fact that a witness may be employed by the federal Government or a state or city government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

**R. Cooperating Witness Testimony**

You have heard from a witness who testified pursuant to a cooperation agreement with the Government.

You may properly consider the testimony of such a cooperating witness. Indeed, the testimony of a cooperating witness may be sufficient evidence for a conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a witness is cooperating with the Government can be considered by you as bearing upon his credibility. The weight to be given to the fact of the witness's cooperation is up to you. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, he is incapable of giving truthful testimony. Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case. You are free to accept as much or as little of the witness's testimony as you find credible.

You may consider whether a cooperating witness has an interest in the outcome of the case, and if so, whether that interest has affected his testimony. A witness who hopes to obtain leniency may have a motive to testify as he believes the Government wishes, or he may feel that it is in his interest to incriminate others. As with any witness, your responsibility is to determine whether any such motive or intent has influenced the witness's testimony, and whether the witness has told the truth, in whole or in part.

In sum, in evaluating the testimony of a cooperating witness, you should ask yourselves the following questions: Would the witness benefit more by lying or by telling the truth? Was any part of his testimony made up because he believed or hoped that he would receive favorable treatment from the Government by testifying falsely, or as he believed the Government wanted? Or did he believe that his interests would be best served by testifying truthfully?

If you think that the testimony was false, you should reject it. However, if, after a cautious and careful examination of the cooperating witness's testimony, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.

**S. Bias of Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether

the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**T. Persons Not on Trial**

During the trial, you heard the names of several other individuals mentioned in connection with this case. Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.

I instruct you that you may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from the fact that any other person is not on trial here. Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them in the legal system. Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

**U. Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**V. Uncalled Witnesses – Equally Available**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of the Defendants beyond a reasonable doubt.

**W. Particular Investigative Techniques Not Required**

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were or were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. However, you are free to consider a lack of evidence in your determination of whether the government proved the charged crimes beyond a reasonable doubt. Your concern is to determine whether, on the evidence or lack of evidence, the Government has proven the Defendant's guilt beyond a reasonable doubt.

Now I am going to turn to the substantive instructions.

## SUBSTANTIVE INSTRUCTIONS

### A. Meaning of the Indictment

Let us first turn to the charges against the Defendant as contained in the Indictment. The Indictment is not evidence. It is an accusation, a statement of the charges made against the Defendant. It gives the Defendant notice of the charges against them. It informs the Court and the public of the nature of the accusation.

A defendant begins trial with an absolutely clean slate and without any evidence against him. Remember that the charges in the Indictment are merely accusations. What matters is the evidence or lack of evidence that you heard and saw in the trial.

The Indictment in this case consists of two counts, or charges. I will, at times, refer to each count by the number assigned to it in the Indictment. You should know that there is no significance to the order of these numbers or the specific number of counts charged.

Each count is a separate offense or crime. Each count must therefore be considered separately by you and you must return a separate verdict of guilty or not guilty on each count. Whether you find the Defendant guilty or not guilty as to one count should not affect your verdict as to any other count charged.

The Indictment contains two counts or "charges." Count One of the Indictment charges that the Defendant conspired and agreed with other people to distribute and possess with intent to distribute substances containing 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, and mixtures and substances containing a detectable amount of heroin. This conspiracy is alleged to have taken place from at least in or about November 2020,

up to and including in or about December 2020.

Count Two charges that, on or about December 8, 2020, the Defendant, during and in relation to the narcotics conspiracy charged in Count One, knowingly used and carried a firearm, and, in furtherance of the narcotics conspiracy, possessed a firearm, and aided and abetted the same.

As I just indicated, the Indictment contains two counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate, unanimous verdict as to each count. Whether you find the Defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, except that, as I will instruct you later, you cannot consider Count Two unless you first determine that the Defendant is guilty of Count One.

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the date or date ranges alleged in the Indictment and the date or date ranges established by testimony or exhibits. Further, it is not required that the Defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the Defendant participated in the charged crime.

**B. Count One: Narcotics Conspiracy**

Count One of the Superseding Indictment charges that:

From at least in or about November 2020, through in or about December 2020, in the Southern District of New York and elsewhere, ISMAEL BIMBOW, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

It was a part and an object of the conspiracy that ISMAEL BIMBOW, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

The controlled substances that ISMAEL BIMBOW, the defendant, conspired to distribute and possess with intent to distribute were (i) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841 (b)(1)(A); and (ii) mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

A conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law, as charged in this Indictment, is an independent offense. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. It is separate and distinct from the crime that is the objective of the conspiracy, and it is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes.

Thus, in considering a conspiracy charge, you do not have to find that the actual substantive crime that is the object of the conspiracy was committed – here, an actual distribution of or possession with intent to distribute a controlled substance. In other words, you may find the defendant guilty of agreeing to distribute or agreeing to possess with intent to distribute drugs even if the conspiracy was not successful and no drugs were actually possessed or distributed. It

is the agreement itself – the agreement with others to commit the crime – along with the other elements of conspiracy that the law forbids and defines as a crime. Let me again remind you that your decision as to whether the Defendant conspired to commit a particular unlawful act – either distribution of any of the controlled substances alleged in Count One or possession with intent to distribute any of these controlled substances – must be unanimous.

I will now describe to you the elements of this unlawful act only so you can understand what the Government must prove beyond a reasonable doubt were the objects of the conspiracy charged in Count One.

First, that the conspiracy charged in the Indictment existed. That is, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute controlled substances, or to possess controlled substances with the intent to distribute them. Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist? Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the Defendant intentionally and knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute controlled substances.

**1. Count One: Existence of the Conspiracy – Agreement (Element One)**

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish a criminal or unlawful purpose. The conspiracy alleged in the Indictment is an agreement to distribute a controlled substance, or to possess a controlled substance with the intent to distribute it.

The Government must prove that there, in fact, was an agreement or understanding to

violate those provisions of the law which make it illegal to distribute or possess with intent to distribute a controlled substance, specifically heroin and fentanyl. It is the agreement itself, the agreement with others to commit the crime, that the law forbids. In other words, for Count One, you need not find that heroin or fentanyl was in fact actually distributed or possessed to find that the Defendant is guilty of a conspiracy to distribute and possess with intent to distribute heroin and fentanyl.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth details of the plans and means by which the unlawful project is to be carried out or the part to be played by each conspirator. Common sense will tell you that when people enter into a criminal conspiracy much may be left to the unexpressed understanding.

The agreement may be implicit. It is sufficient if two or more persons in some way or manner, impliedly or tacitly, come to a common understanding to violate the law. In other words, in order to find that the defendant is guilty of the conspiracy charged in the Indictment you must find that he and at least one other person agreed to distribute, or to possess with intent to distribute, a controlled substance. Express language or specific words are not required to indicate assent or attachment to the conspiracy.

Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that the conspiracy existed. You need only find that the Defendant entered into the unlawful agreement alleged in the Indictment with one or more persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose, and you may draw reasonable inferences from those acts and conduct. Sometimes, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In considering whether a conspiracy existed, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, and that they agreed to work together in furtherance of at least one of the objectives of the conspiracy charged in the Indictment.

I will define the terms "distribution" and "possession" for you in a moment.

Let me note that the Government need prove only that the Defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it. The Government need not prove both.

Now, I have used the terms "distribution" and "possession with the intent to distribute" and "a controlled substance." What do those terms mean? I begin with the term "distribution."

**"Distribution"**

The word "distribution" means actual, constructive, or attempted transfer. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another. Distribution does not require a sale.

**"Possession With Intent To Distribute"**

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

*Possession*: Actual possession is pretty much what it sounds like; that is, having physical custody or control of an object, as I possess this pen. However, a person need not have actual, physical possession – that is, physical custody of an object – in order to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that article. More than one person can have control over the same controlled substance. In addition, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

*Intent to Distribute*: **"**Possession with intent to distribute" means that a person possessed a controlled substance with a state of mind or purpose to transfer it to another person. Since no one can read another's mind, the determination as to a person's intent is inferred from his or her behavior.

*Controlled Substance*: Finally, as noted before, you are instructed, as a matter of law, that fentanyl and heroin are both "controlled substances."

**2. Count One: Membership in the Conspiracy (Element Two)**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question:

Whether the Defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the Defendant knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives. I will now define "unlawful," "intentionally," and "knowingly."

"Unlawful" means contrary to law. The Defendant need not have known that the purpose of the conspiracy was to violate any particular or specific law; but, the Defendant needs to have been aware that the purpose of the conspiracy was generally unlawful in nature.

As to this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing – that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the Defendant's acts must have been the product of the Defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

It is not necessary for the Government to show that the Defendant was fully aware of every detail of the conspiracy. Nor is it necessary for the Defendant to know every other member

of the conspiracy. Neither is it necessary for the Defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. It is enough if he participated in the conspiracy intentionally and knowingly, as I have defined those terms.

I want to caution you, however, that the Defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. Similarly, mere association with one or more members of the conspiracy does not automatically make the Defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge of a criminal conspiracy, without participation in the unlawful plan, is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

### 3. Count One: Duration of and Extent of Participation in Conspiracy

The duration and extent of the Defendant's participation in the conspiracy has no bearing on the issue of the Defendant's guilt. The Defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may

perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

### 4. Count One: Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the Defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the Defendant. This is so even if such acts were done and statements were made in the Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy

or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who said or did that.

**5. Count One: Special Interrogatory on Drug Type (Count One)**

If, and only if, you find that the Government has proved beyond a reasonable doubt that the Defendant is guilty of participating in a conspiracy that had as its objective the distribution of a controlled substance or possession with intent to distribute a controlled substance, then you are asked to make a finding, called a special interrogatory, as to type and quantity.

You do not need to determine the precise quantities of the controlled substances involved in the conspiracy. Rather, you need only decide whether the conspiracy involved more than certain specified amounts of certain controlled substances and whether the amounts were either known to the defendant or reasonably foreseeable to him and within the scope of the criminal activity that he jointly undertook.

With respect to the fentanyl involved in the charged conspiracy, the specified amounts are 400 grams or more, or 40 grams or more, of mixtures and substances containing a detectable amount of fentanyl.

You will not be asked to make a finding with respect to the quantity of heroin involved in the charged conspiracy.

You will be given a verdict sheet on which to record the jury's answer to these questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy you are considering involved at least the quantity you indicate. Thus, for example, if all of you agree that the conspiracy you are considering involved 400 grams or more of mixtures or substances containing a detectable amount of fentanyl, you should indicate 400 grams or more of fentanyl. If, by contrast, all of you agree that the conspiracy you are

considering involved less than 400 grams but more than 40 grams of mixtures or substances containing a detectable amount of fentanyl, you should indicate 40 grams or more of fentanyl. If, by contrast, all of you agree that the conspiracy you are considering involved less than 40 grams of mixtures or substances containing a detectable amount of fentanyl, you should indicate less than 40 grams of fentanyl.

However, if some jurors conclude that the conspiracy you are considering involved 40 grams or more of mixtures or substances containing a detectable amount of fentanyl, and the rest of the jurors conclude that it involved less than 40 grams of fentanyl, you may not indicate that the conspiracy involved 40 grams or more of fentanyl. Under those circumstances, you should indicate less than 40 grams of mixtures or substances containing a detectable amount of fentanyl, because all of you would be in agreement that the conspiracy involved at least some amount less than 40 grams of fentanyl.

**C. Count Two: Use of Firearm**

Let me read Count Two to you:

On or about December 8, 2020, in the Southern District of New York and elsewhere, ISMAEL BIMBOW, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the controlled substance offense charged in Count One of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the same.

To sustain its burden as to Count Two the Government must prove the following elements beyond a reasonable doubt: First, that the Defendant committed the drug trafficking crime charged in Count One; Second, that the Defendant used or carried a firearm during and in

relation to, or possessed a firearm in furtherance of the commission of, the conspiracy charged in Count One; and Third, that the Defendant acted knowingly and willfully.

If you find that the Government has satisfied its burden as to each of those elements, then you must also determine whether the Government has proved that the Defendant brandished the weapon, and whether the Government has proved that the weapon was discharged.

**1. Count Two: Narcotics Conspiracy (Element One)**

The first element the Government must prove beyond a reasonable doubt is that the Defendant committed a drug trafficking crime for which he may be prosecuted in a court of the United States. If you find that the Government has failed to prove beyond a reasonable doubt that the Defendant committed the drug trafficking crime charged in Court One, you must acquit the Defendant of Count Two also, and you should not go on to consider the remaining elements.

On the other hand, if you find that the Government has established beyond a reasonable doubt that the Defendant committed the drug trafficking crime charged in Count One, you must then turn to the second element. In reaching your verdict on Count Two, you may consider the evidence in Count One only for the purpose of determining whether the first element of Count Two has been satisfied. In other words, you may not find the Defendant guilty of Count Two merely because you found him guilty of Count One.

**2. Count Two: Use or Carry of a Firearm In Relation Or Possession In Furtherance of Count One (Second Element)**

The second element the government must prove beyond a reasonable doubt on Count Two is that the Defendant used or carried a firearm during and in relation to or possessed a firearm in furtherance of the commission of the crime charged in Count One. I will now provide you with several definitions.

*Firearm*: A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

*Use*: In order to prove that someone used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm during and in relation to the commission of the relevant crime—here, the narcotics conspiracy charged in Count One. This does not mean that the user must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

*Carry*: In order to prove that someone carried a firearm, the Government must prove beyond a reasonable doubt that the person had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The person need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the person had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that the individual carried the weapon.

*Possess*: I previously have instructed you on the meaning of "possession," and you should follow those instructions here. Possession of a firearm in furtherance of a crime requires that the Defendant possess a firearm and that the possession advance or move forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

*Aiding and Abetting*: The Defendant is also charged with aiding and abetting the crimes charged in Count Two. I previously instructed you on aiding and abetting law, and you should apply those instructions in determining whether the defendant is guilty of Count Two as an aider and abettor. I also want to give you an additional instruction that applies specifically to Count Two.

To convict the Defendant of aiding and abetting the crime charged in Count Two, you must find that the Defendant either facilitated the use, carrying, or possession of the firearm or the commission of the charged drug trafficking crime. It is not necessary that the Defendant facilitate both the possession, use, or carrying of the firearm and the drug trafficking crime.

To convict a defendant of the offense on an aiding and abetting theory, you must find that the defendant had advance knowledge that a participant in the drug trafficking crime would use, carry, or possess a firearm in furtherance of the drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from it. Knowledge of the gun may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the Defendant continues to participate in the crime and has a realistic opportunity to withdraw from it. You may, but need not, infer that the defendant has sufficient foreknowledge if you find that

the defendant continued his participation in the crime after learning about the use, carrying, or possession of a gun by a co-conspirator.

In other words, as to aiding and abetting the offense charged in Count Two, the Government must prove beyond a reasonable doubt that the defendant either facilitated the use, carrying, or possession of the firearm or the commission the charged crime of violence or drug trafficking crime, and had knowledge of the firearm when he still had a realistic opportunity to withdraw from the crime of violence or drug trafficking crime.

*Knowingly*: I have previously defined the term “knowingly” for you, and you should apply that definition here.

The Government must prove beyond a reasonable doubt that the Defendant “used” a firearm during and in relation to the underlying drug trafficking crime charged in Count One. In order to prove that a defendant “used” a firearm during and in relation to the underlying drug trafficking crime, the Government must prove beyond a reasonable doubt that a defendant actively employed a firearm in some way to further the drug trafficking crime. Proof that a defendant merely possessed or stored a firearm, without more, is not sufficient to constitute “use” of a firearm. Similarly, the mere simultaneous possession of a firearm and drugs is also not insufficient to constitute “use” of a firearm. The government does not, however, need to show that a defendant fired or even attempted to fire the firearm. It is enough for the government to show that he brandished or displayed the weapon or otherwise made reference to it in a manner calculated to further the commission of the underlying crime. The second element is also satisfied if the government proves beyond a reasonable doubt that a defendant “carried” a firearm during and in relation to the underlying drug trafficking crime. In order to prove that a defendant “carried” a firearm, the government must prove beyond a reasonable doubt that the defendant

had a firearm within his control in such a way that it furthered the commission of the drug trafficking crime or was an integral part of the commission.

The Defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person. If you find that the Defendant under consideration had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that a defendant carried the firearm.

Finally, the second element is also satisfied if the Government proves beyond a reasonable doubt that the Defendant possessed a firearm in furtherance of the underlying drug trafficking crime. To prove that a defendant possessed the firearm in furtherance of the crime, the Government must prove that a defendant had possession of the firearm and that such possession was in furtherance of the crime. The legal concept of possession may differ from the everyday usage of the term. Here, possession means that a defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied. To summarize, the second element is satisfied if the Government proves any one of these three statutory requirements beyond a reasonable doubt. That is, the second element is satisfied if the Government proves beyond a reasonable doubt that the Defendant being considered used a firearm during and in relation to the

underlying drug trafficking crime, that he carried a firearm during and in relation to the underlying drug trafficking crime, or that he possessed a firearm in furtherance of the underlying drug trafficking crime. In order to find the Defendant guilty on this count, you must be unanimous as to one of these three statutory requirements.

**3. Count Two: Knowledge (Element Three)**

The third element the Government must prove beyond a reasonable doubt on Count Two is that the Defendant knew that he was using, carrying, or possessing a firearm and that he acted knowingly in doing so. I have already instructed you on the meaning of the term "knowingly" in this context, and you should apply those instructions here.

**D. Venue**

In addition to all of the elements I have described, you must decide, separately with respect to each Count, whether the crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan and the Bronx.

In this regard, with respect to Count One, the Government need not prove that the entirety of the charged conspiracy was committed in the Southern District of New York, or that the Defendant was present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the charged conspiracy occurred within the Southern District of New York.

I should note that on this issue – and this alone – the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the charged conspiracy was committed in this District.

If you find that the Government has failed to prove the venue requirement, then you must acquit the Defendant.

With respect to Count Two, because the existence of the narcotics conspiracy charged in Count One is an element of the crime charged in Count Two, if you find venue is proper with respect to the narcotics conspiracy, then you must find that venue is proper with respect to Count Two as well.

**CONCLUSION**

Before you retire into the jury room I must inform you that the law provides for a jury of twelve people in this case. Therefore, two people — Jurors number 13 and 14 — are alternates. You will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in the case. In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet. For now, though, you may leave. You have been very attentive and very patient. I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case. Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days. If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternates released)

Members of the jury, you may now retire.

(Marshal sworn)